UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: FF ACQUISITION CORP., Debtor                CASE NO. 05-16187-DWH

ADMIRAL INSURANCE COMPANY                                              PLAINTIFF

VERSUS                                                ADV. PROC. NO. 08-01226-DWH

FF ACQUISITION CORP., d/b/a
FLEXIBLE FLYER and CHASE WHITT                                       DEFENDANTS

OPINION

On consideration before the court in the above captioned adversary proceeding is a motion for summary judgment filed by the plaintiff, Admiral Insurance Company, ("Admiral"); a response to said motion having been filed by the defendant, FF Acquisition Corp., d/b/a Flexible Flyer, ("FF Acquisition"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

The facts in this proceeding are not in dispute. Admiral issued to FF Acquisition an insurance policy with an effective period of December 31, 2004 to December 31, 2005, Policy No. CA000006348-01, ("the policy"). The policy issued by Admiral contained a $100,000.00 per occurrence self-insured retention limit, ("SIR"). The following language, contained in the policy, is central to the issue in this proceeding:

## SELF-INSURED RETENTION ENDORSEMENT

\*            \*            \*

Our total liability for all damages will not exceed the limits of liability as stated in the Declarations and will apply in excess of the insured's self-insured retention (the "Retained Limit"). The "Retained Limit" is the amount shown below, which you are obligated to pay, and only includes damages otherwise payable under the policy.

If the "Retained Limit" is subject to an annual aggregate, the aggregate amount shall be payable by the insured even if the policy is terminated prior to the expiration.

"Retained limit":    $100,000    Per Occurrence - Other than Completed Operations.

$ Included    Per Occurrence - Products and Completed Operations.

\*            \*            \*

Your bankruptcy, insolvency or inability to pay the "retained limit" shall not increase our obligations under this policy.

\*            \*            \*

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defense the insured against that "suit".

\*            \*            \*

FF Acquisition filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 9, 2005. Its second amended plan of reorganization was confirmed on October 23, 2007.

FF Acquisition has been named a defendant in multiple personal injury lawsuits, thus implicating the SIR  The lawsuit that is the subject of this proceeding is styled *Chase Whitt v. FF*

2

*Acquisition Wheel Goods Corporation, a/k/a and d/b/a Flexible Flyer Acquisition Corp.*, filed in the United States District Court for the Western District of Oklahoma for personal injuries that Whitt allegedly sustained while operating a go-cart manufactured by FF Acquisition. The accident occurred on February 26, 2005, which is within the policy period. Consequently, Admiral retained counsel in Oklahoma to appear and answer on behalf of FF Acquisition.

Admiral contends that the SIR amount is a limitation on its liability under the policy. Admiral asserts that it does not have a duty to defend or indemnify FF Acquisition against any claim until the SIR has been paid in full.

## III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to

3

find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofanov, 69 F.3d 59, 61 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

The court previously addressed this issue in Admiral's motion for a temporary restraining order filed in this proceeding. The court concluded that the language in the Admiral policy at issue herein was identical to the language in the policy in *In re Grace Industries*, 341 B.R. 399 (Bankr. E.D. N.Y. 2006). The non-payment of the SIR would apply only to damages that might be payable under the policy and not to the costs of defense. Consequently, the motion for a temporary restraining order was overruled on December 23, 2008.

In the case of *In re Vanderveer*, 328 B.R. 18 (Bankr. E.D. N.Y. 2005), the insuror took the same position that Admiral takes in this proceeding, that is, unless the insured fully funds the SIR, the insuror is not bound to perform its obligations under the policy. The bankruptcy court for the Eastern District of New York disagreed with this position and held that the failure of a bankrupt insured to fund its self insured retention does not relieve the insuror of its obligation to provide a defense under the policy. *In re Vanderveer*, 328 B.R at 25, 26. The holding of the bankruptcy court was affirmed by the district court for the Eastern District of New York as reported at 2006 WL 2850612. Bankruptcy courts have consistently held that the failure of a bankrupt insured to fund an SIR will not excuse the insuror's performance under the contract.

4

*See, Eastern Retailer Serv. Corp. v. Argonaut Insurance Company*, 1995 WL 311764 (S.D. N.Y. 1995); *see, also, Beloit Liquidating Trust v. United Ins. Co.*, 287 B.R. 904 (N.D. Ill. 2002); *In re Federal Press Co.*, 104 B.R. 56 (Bankr. N.D. Ind. 1989).

FF Acquisition's failure to pay the policy premium would constitute a material breach that would excuse Admiral's performance under the policy. In this proceeding, it is undisputed that FF Acquisition fully paid the policy premium. Therefore, the court finds that the policy is not an executory contract, insofar as providing a defense is concerned, despite FF Acquisition's ongoing obligation to fund the SIR *See, In re Grace Industries*, 341 B.R. 399 (Bankr. E.D. N.Y. 2006); *see, also, In re Vanderveer*, 328 B.R. 18 at 25-26, citing *Argonaut Insurance Company v. Ames Dep't. Stores. (In re Ames Dep't. Stores)*, (1995 WL 311764 at *2) (S.D. N.Y. 1995); *Beloit Liquidating Trust v. United Ins. Co.*, 287 B.R. 904 (N.D. Ill. 2002); *In re Federal Press Company*, 104 B.R. 56 (Bankr. N.D. Ind. 1989); *In re Firearms Import & Export Corp.*, 131 B.R. 1009, 1013-14 (Bankr. S.D. Fla. 1991).

The *Vanderveer* and *Grace* opinions are directly on point insofar as this proceeding is concerned, and this court concurs with those decisions. Therefore, as set out in this court's decision overruling Admiral's motion for a temporary restraining order, the non-payment of the SIR would apply only to the payment of damages that might be awarded and not to providing a defense of the underlying action asserted against FF Acquisition.

A separate order will be entered contemporaneously herewith overruling Admiral's motion for summary judgment.

This the 12th day of November, 2009.

                                                   /s/ David W. Houston, III
                                                 DAVID W. HOUSTON, III
                                                 UNITED STATES BANKRUPTCY JUDGE