UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: FF ACQUISITION CORP., Debtor　　　　　　　　　CASE NO. 05-16187-DWH

ADMIRAL INSURANCE COMPANY　　　　　　　　　　　　PLAINTIFF

VERSUS　　　　　　　　　　　　　　　　　ADV. PROC. NO. 08-1226-DWH

FF ACQUISITION CORP., d/b/a
FLEXIBLE FLYER AND CHASE WHITT　　　　　　　　　DEFENDANTS

OPINION

On consideration before the court is a motion for reconsideration filed by Admiral Insurance Company, ("Admiral"); a response to said motion having been filed by FF Acquisition Corporation, d/b/a Flexible Flyer, ("Flexible Flyer"); and the court, having considered same, finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

Admiral requests this court to reconsider its decision denying Admiral's motion for summary judgment because this court relied on an opinion of the Bankruptcy Court for the Eastern District of New York in *In re Grace Industries*, 341 B.R. 399 (Bankr. E.D. N.Y. 2006), which was subsequently modified, after this court's decision, by the District Court for the Eastern District of New York at 409 B.R. 275 (E.D. N.Y. 2009). Admiral also argues that the language

of the policy requires that costs of defense be funded by Flexible Flyer to comply with the policy's self-insured retention provision.

In *Grace Industries*, Admiral, which coincidentally was a party in that proceeding, appealed the decision of the bankruptcy court to the district court which affirmed, but modified the bankruptcy court's opinion. Based on the district court's decision, Admiral invites this court to reconsider its prior decision.

Clearly, the pertinent language in the policy at issue herein is identical to the policy in *Grace Industries*. Admiral wants to convince this court that the district court modified the bankruptcy court's decision because the bankruptcy court incorrectly concluded that defense costs did not have to be paid by the insured in order to comply with the self-insured retention provision. That is not what happened. The reason the bankruptcy court's decision was modified on appeal is that the parties agreed that the defense costs would be funded by Grace Industries. The fact remains that the district court affirmed the bankruptcy court's decision that Grace Industries was "neither required to fund nor exhaust the S.I.R. [self-insured retention] before Admiral's obligations to pay claims - settled or litigated - in excess of $50,000 was triggered." *In re Admiral*, 409 B.R. 275, 282 (E.D. N.Y. 2009). This court agrees with the district court's opinion.

The failure of Flexible Flyer to fund the self-insured retention does not excuse Admiral's performance under the policy. The relief Admiral requests is contrary to the decisions of other bankruptcy courts which have consistently held that the failure of a bankrupt insured to fund a self-insured retention will not excuse the insurer's performance under the insurance policy. *See, Eastern Retailer Serv. Corp. v. Argonot Insurance Company*, 1995 WL 311764 (S.D. N.Y.

1995); *see, also, Beloit Liquidating Trust v. United Insurance Company*, 287 B.R. 904 (N.D. Ill. 2002); *In re Federal Press Company*, 104 B.R. 56 (Bankr. N.D. Ind. 1989). In the *Grace Industries* appeal, the district court's opinion did not turn on the issue of whether defense costs were included in the self-insured retention when it agreed with the bankruptcy court's decision, to-wit:

> This court agrees with the bankruptcy court's determination and its observation that Admiral is free (or not) to save itself money by paying what would have been Grace's obligation rather than playing out all of the litigation cards with their attendant risks. The court finds, in sum, no error in the bankruptcy court's reasoning and affirms its order determining that Admiral is not relieved of its obligations to Grace under the policy to cover the cost of the claims that are in excess of the S.I.R., regardless whether the claimant receives payment of that portion of the claim awarded which falls within the S.I.R.

409 B.R. at 280.

Flexible Flyer is neither required to fund nor exhaust the self-insured retention before Admiral's obligation to pay claims, settled or litigated, is triggered. As such, Admiral's motion to reconsider is not well taken.

A separate order will be entered consistent with this opinion.

This the 16th day of March, 2010.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

3